# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PAUL GIBILISCO, TRUSTEE OF THE
GIBILISCO TRUST DATED 2/5/1996, and
PIDRU FAMILY LIMITED PARTNERSHIP
UNDER AGREEMENT DATED 6/26/1995,
      Plaintiffs,

      v.

WELLS FARGO BANK, N.A.,
      Defendant.

No. 3:14-cv-00294 (JAM)

### ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiffs are investors who claim that their investment manager failed to follow their investment guidance and instructions. In late 2007 and early 2008, the parties signed Investment Management Agreements, which in turn incorporated Investment Policy Statements. Although these documents reflect plaintiffs' wish to invest predominantly in equities, plaintiffs claim that that they orally requested and were assured repeatedly that their funds would be 80% invested in high-quality corporate bonds and 20% high-quality, dividend-paying stocks. Plaintiffs further claim significant market losses following the downturn of the stock market in 2008.

Plaintiffs concede that Nevada law governs and that the Nevada parol evidence rule (*see, e.g., Khan v. Baksh*, 306 P.3d 411, 413-14 (Nev. 2013)) bars relief on the basis of oral representations by defendant that preceded or were contemporaneous with the parties' entry into the Investment Management Agreements and the corresponding Investment Policy Statements. Instead, plaintiffs contended at oral argument that they seek recovery solely on grounds that the parties agreed to a subsequent oral modification of their written agreements. The Court

concludes, however, that the Amended Complaint (Doc. #24)—even when viewed in the light most favorable to plaintiffs—does not fairly allege a subsequent oral modification of the parties' written Investment Management Agreements. It is clear that the Amended Complaint was drafted without the limitations of the parol evidence rule in mind, as it alleges that defendant failed from the very start of the investment relationship to follow plaintiffs' risk tolerances and investment preferences and objectives.

Accordingly, because the Amended Complaint states facts for which recovery would be barred by the Nevada parol evidence rule, the Court dismisses the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). On the other hand, because defendant concedes that Nevada law allows in principle for a subsequent oral modification of a written agreement, the Court cannot conclude that the filing of an amended complaint would be necessarily futile.

For the foregoing reasons, defendant's motion to dismiss is GRANTED. If a proper factual basis exists to file an amended complaint, *see* Fed. R. Civ. P. 11(b)(3), then plaintiffs may file an amended complaint on or before November 3, 2014. The Clerk of Court shall promptly close this case if no amended complaint is filed on or before November 3, 2014.


It is so ordered.

Dated at Bridgeport this 3rd day of October 2014.


/s/_____
Jeffrey Alker Meyer
United States District Judge